# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MOISES GONZALEZ,<br><br>　　　　Defendants. | No. CR07-4081-MWB<br><br>**DETENTION ORDER** |

　　This matter came on for detention hearing on November 14, 2007. Assistant U.S. Attorney Kevin Fletcher appeared on behalf of the plaintiff (the "Government"). The defendant Moises Gonzalez appeared in person with his attorney, Chad Primmer. The Government offered the testimony of Chris Nissen, a Special Agent with the Iowa Division of Narcotics Enforcement.

　　The court must determine whether any condition or combination of conditions will reasonably assure Gonzalez's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

　　The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Gonzalez as required and the safety of the community if the court finds there is probable cause to believe Gonzalez committed an offense of the type identified in 18 U.S.C. § 3142(e) for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1). The probable cause element of section 3142(e) that triggers the rebuttable presumption of

risk of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption.  *See Apker*, 964 F.2d at 744; *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988).

In the present case, the evidence indicates Gonzalez was involved in two controlled buys of a significant quantity of methamphetamine.  In post-*Miranda* statements, he admitted to distributing an extremely large quantity of methamphetamine over a two to three month period of time.  The evidence further indicates Gonzalez threatened an individual with a knife, and he has a criminal history that includes numerous assault charges.

Further, Gonzalez has failed to offer any evidence to rebut the presumption that he is a danger to the community.  The presumption arises from the charge itself – a serious drug charge involving conspiracy to distribute a significant quantity of methamphetamine.  *See United States v. Cox*, 635 F. Supp. 1047, 1055 (D. Kan. 1986) (citing *United States v. Fortna*, 769 F.2d 243, 247 (5th Cir. 1985).  Viewing the record as a whole, the court finds nothing to indicate Gonzalez would be able to refrain from continuing to engage in criminal activities if he were released.

Accordingly, the court finds the Government has proved by clear and convincing evidence that Gonzalez would be a danger to the community if released.  Therefore, the court finds the following:

1. Gonzalez is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Gonzalez reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Gonzalez to the

United States Marshal for the purpose of an appearance in connection with a court proceeding.

    4.    If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a)    Attach a copy of the release/detention order to the appeal;

    (b)    Promptly secure a transcript.

    5.    There is *no automatic stay* of this Order. Therefore, Gonzalez must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 15th day of November, 2007.

*[signature: Paul A. Zoss]*

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT